Filed 1/25/24  P. v. Lee CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098789 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F01220) |
| v. | |
| BEN EDWARD LEE, | |
| Defendant and Appellant. | |

Defendant Ben Edward Lee appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and requesting that

---

[1]     Undesignated statutory references are to the Penal Code.  Defendant filed his petition under former section 1170.95.  Effective January 1, 2022, section 1170.95 was amended by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) (Stats. 2021, ch. 551, § 2).  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  We cite to the current section 1172.6 throughout this opinion.

1

we exercise our discretion to review the entire record for arguable issues on appeal. We notified defendant that he had 30 days in which to file a supplemental brief raising any argument he wanted this court to consider. In his supplemental brief, defendant fails to raise any issues cognizable on appeal from denial of a section 1172.6 petition. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, a jury found defendant guilty of attempted murder (§§ 664, 187, subd. (a)) and found true he personally used a firearm (§§ 12022.53, subds. (b)-(d), 12022.5, subd. (a)(1).) The trial court sentenced defendant to 39 years to life in state prison. We affirmed the judgment in 2012. (*People v. Lee* (Mar. 15, 2012, C063098) [nonpub. opn.].)

In November 2022, defendant filed a petition for resentencing under section 1172.6. The trial court appointed counsel and the parties submitted briefing. In May 2023, the trial court held a hearing and denied the petition, finding that defendant was ineligible for relief as a matter of law because the jury was not instructed on a theory of murder that is now invalid pursuant to the changes to sections 188 and 189 implemented by Senate Bill No. 1437 (Reg. Sess. 2017-2018) (Senate Bill 1437). (Stats. 2018, ch. 1015, § 1(f).)

Defendant timely appealed.

## DISCUSSION

A. *Legal Background*

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).))

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Senate Bill 1437 also added section 1172.6, which now allows those convicted of attempted murder under the natural and probable consequences doctrine to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Id.*, subd. (c).)

B. *Analysis*

Defendant argues in his supplemental brief that he was erroneously charged with attempted murder because he denied any involvement in the shooting and presented evidence that he was at the Sacramento County Fair at the time of the crime. In addition, he argues that bullet fragments found at the scene supported this defense, the gun was never found, he never owned a gun, and no physical evidence linked him to the shooting. We decline defendant's invitation to reweigh the evidence that the jury already considered when it found him guilty of attempted murder. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972 [although a court should consider the record of conviction in determining whether defendant has made a prima facie showing of relief, it should not weigh evidence].)

Defendant's sole argument directed at section 1172.6 is based on the amendments made by Senate Bill 775. Defendant suggests that, before Senate Bill 775, a natural and probable consequences jury instruction was a prerequisite for section 1172.6 relief, but this legislation expanded eligibility by adding language authorizing a petition by a person convicted of "murder under the natural or probable consequences doctrine or other theory under which malice is imputed to a person based solely on the person's participation in a crime . . . ." (§ 1172.6, subd. (a).) However, defendant was convicted of attempted

3

murder, not murder. Section 1172.6 as amended by Senate Bill 775 still limits relief for persons so convicted to those found guilty under a theory of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) "Section [1172.6] applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

Defendant has offered no evidence or authority to dispute the trial court's finding that the jury instructions established that jurors could not have found defendant guilty of attempted murder based on a theory of vicarious liability. Accordingly, we find no error in the trial court's determination that defendant was ineligible for relief.

DISPOSITION

The trial court's order is affirmed.


_____\s\_____,
Krause, J.



We concur:



_____\s\_____,
Robie, Acting P. J.



_____\s\_____,
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.